PREGERSON, J.,
dissenting:
David Hartley, a California state prisoner, filed his federal habeas petition five days after the one-year statute of limitations expired. Before filing his federal habeas petition, Hartley was required by the Antiterrorism and Effective Death Penalty Act to exhaust his state remedies. See 28 U.S.C. § 2244(d). Hartley faced significant delays as he sought to exhaust his state remedies by filing his second and third state habeas petitions. The record indicates that Hartley’s criminal defense attorney neglected for sixty-two days to mail Hartley an important portion of Hart-leys legal file. Hartley was also denied full access to the prison law library during a prison lockdown that lasted seventy-five days. These delays totaled 137 days and left Hartley with only twenty-one days to prepare his federal habeas petition after his state habeas petitions had been denied and his state remedies exhausted. The majority disposition concludes that Hartley is not entitled to equitable tolling because there is no causal connection between Hartley being denied access to legal materials for 137 days and Hartley filing his federal habeas petition five days late. I disagree and dissent.
Whether a habeas petitioner is entitled to equitable tolling is a “highly fact-dependent” inquiry. Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (per curiam) (en.banc). “Generally, a [habeas petitioner] seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights *689 diligently, and (2) that some extraordinary circumstance stood in his way.” Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). I believe that Hartley has met these requirements.
First, Hartley has diligently pursued his rights. In Bryant v. Schriro, we held that a habeas petitioner did not diligently pursue his rights because he did not seek relief for six years. 499 F.3d 1056, 1061 (9th Cir.2007). Here, however, Hartley has diligently pursued relief since the day he was convicted. Hartley timely filed two direct appeals challenging his conviction and his first state habeas petition immediately after his conviction was upheld. More importantly, Hartley filed his second and third state habeas petitions merely three months after the prison lockdown ended. Hartley then filed his federal habe-as petition less than one month after his state habeas petitions were denied. I believe these facts demonstrate that Hartley was diligent in pursuing his rights.
Second, Hartley has demonstrated extraordinary circumstances. For sixtytwo days, Hartley’s criminal defense attorney failed to mail Hartley a portion of Hart-ley’s legal file, including the California Court of Appeal’s opinion denying Hart-ley’s direct appeal[1] and the government’s brief filed in the direct appeal. Both of these items would likely have been necessary for Hartley to adequately challenge his conviction during the habeas proceedings. At a minimum, the Court of Appeal’s opinion and the government’s brief would have provided an excellent starting point for Hartley’s legal research. Additionally, for seventy-five days, during the extended prison lockdown, Hartley had only limited access to the prison law library. During the lockdown, Hartley was forced to conduct all legal research from his prison cell and could only request two cases at a time by providing the law librarian with exact case citations. This would make effective legal research extremely difficult for a lawyer, let alone a pro se prisoner litigant.
In Lott v. Mueller, a California state prisoner was denied access to his legal file for eighty-two days while he was temporarily transferred from Folsom prison to another state detention center. 304 F.3d 918, 921 (9th Cir.2002). This court held that depriving Lott of access to his legal file constituted extraordinary circumstances, and that Lott was entitled to equitable tolling, in part, because his habeas petition was only seven days late. Id. at 924.[2] Here, Hartley was either unable to, or severely limited in his ability to, prepare his state habeas petitions for a total of 137 days, yet he managed to file his federal habeas petition only five days late. Accordingly, I believe Lott is controlling and that Hartley has demonstrated extraordinary circumstances.
Finally, I believe there is a casual connection between these extraordinary circumstances and Hartley filing his federal habeas petition five days late. The extraordinary circumstances Hartley faced significantly delayed the filing of Hartley’s state habeas petitions, and thus left Hart-ley with an insufficient amount of time to *690 prepare his federal habeas petition. Hart-ley was left with only twenty-one days to prepare and file his federal habeas petition once his state petitions had been denied and his state remedies had been properly exhausted. While this may seem like plenty of time for an ordinary litigant, we must remember that Hartley is a pro se prisoner litigant. See Rand v. Rowland, 154 F.3d 952, 958 (9th Cir.1998) (en banc) (noting that a “pro se prisoner litigant ... faces the unique handicaps of incarceration” and that “confinement makes compliance with procedural deadlines difficult because of restrictions on the prisoner’s ability to monitor the lawsuit’s progress” (emphasis in original)). I believe twenty-one days was an insufficient amount of time for Hartley to prepare and file his federal habeas petition.
Accordingly, I dissent and would hold that Hartley is entitled to equitable tolling.

. It is unclear whether Hartley was missing the entire Court of Appeal's opinion, or page six of the opinion.

. The majority's disposition states that Lott “qualified [for equitable tolling] only because there was uncertainty in the case law, later resolved, as to when the statute would have been tolled....” (Mem. Disp. at 688.) I respectfully disagree with this interpretation of Lott. Although, in Lott, we stated that the uncertainty in the case law regarding the statute of limitations was a factor supporting equitable tolling, we did not state that Lott would not have qualified for equitable tolling absent such an uncertainty.